## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**HITLER CINTRÓN-ORTIZ,**<br>Defendant. | **CRIMINAL NO.** _____<br><br>**TYPE C** |

RECEIVED & FILED
CLERK'S OFFICE
11:14 mla
APR 30 2026
US DISTRICT COURT
SAN JUAN, PR

### PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, and Defendant's counsel, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Information in Cr. _____ ("Count One"), which charges as follows:

> On or about October 3, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, HITLER CINTRÓN-ORTIZ, knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition -- to wit: 16 rounds of .45 caliber ammunition and 30 rounds of 9mm ammunition -- said ammunition having been shipped and transported in interstate and foreign commerce.  All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)).

2. **Maximum Penalties**

Count One:  The statutory penalties for the offense charged in Count One are a term of imprisonment of up to ten years, pursuant to 18 U.S.C. §§ 922(g)(1) and

924(a)(2) (2018); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under any applicable restitution laws.

## 6. Rule 11(c)(1)(C) Warnings

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties have agreed to recommend to the Court an imprisonment sentence as to Count One of time served from April 11, 2019, until the day of sentencing in the present case.

Defendant understands that the Court may either accept or reject that sentencing recommendation, as more specifically described below:

(a) Should the Court accept that sentencing recommendation, the Court would sentence Defendant to that agreed-upon sentencing recommendation;

(b) Should the Court reject that sentencing recommendation, the Court would allow the Defendant an opportunity to withdraw Defendant's guilty plea. In this event, should Defendant not withdraw the guilty plea, then the Court could dispose of the case less favorable toward Defendant than the plea agreement contemplated. Should the Court reject that sentencing recommendation, the United States would have the right to withdraw from the plea agreement entirely.

## 7. Recommended Sentencing Guidelines Calculations

The parties have reached no agreement as to any Guidelines calculations.

## 8. Sentence Recommendation in the Present Case

At sentencing, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), each party will recommend as to Count One of the Information an imprisonment sentence of time served from April 11, 2019, until the day of sentencing in the present case, regardless of the applicable advisory Guidelines range.[1]

The parties agree that any recommendation by either party for a term of imprisonment below or above this sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court for Count One of the Information is time served, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

_G#M._
_H.C.O_

---

[1] Defendant was originally arrested on April 11, 2019, based on an indictment in Cr. 19-230 alleging substantially the same charge presented in Count One of the Information in the present case. (ECF No. 7 in Cr. 19-230). The indictment in Cr. 19-230 was subsequently dismissed without prejudice upon government motion. (ECF No. 57 in Cr. 19-230). Defendant was later reindicted in Cr. 21-316, but that indictment was subsequently dismissed without prejudice upon Defendant's motion for violation of his statutory speedy trial rights. (ECF No. 114 in Cr. 21-316). Importantly for present purposes, Defendant has remained under custody ever since his arrest on April 11, 2019.

### 10. Revocation of supervised release in Cr. 04-195, Cr. 04-196, and Cr. 04-197

The parties acknowledge that Defendant currently faces revocation of supervised release in Cr. 04-195, Cr. 04-196, and Cr. 04-197. As part of this plea agreement, the government agrees not to seek revocation of supervised release in Cr. 04-196 and Cr. 04-197, and to request dismissal of those revocation proceedings.

The parties, however, agree for the government to seek revocation of supervised release in Cr. 04-195 and for Defendant's supervised release in that case to be revoked. (ECF No. 73, page 3, in Cr. 04-195). At the final hearing for revocation of supervised release in Cr. 04-195, the parties will jointly recommend imprisonment of two years (24 months) for the revocation, to be served consecutively to the imprisonment sentence imposed in the present case as to Count One of the Information.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Edwin A. Mora-Rolland, Esq., and Ivan Santos-Castaldo, Esq., and asserts that counsel have rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement.  Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant.  Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant

would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement.  Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 15. Limitations of Plea Agreement



This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant.  It does not bind any other federal district, state, or local authorities.

## 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel.  The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 19. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea.   In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea.   Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 20. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen

may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 21. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense and any firearms and ammunition seized in this case, including but not limited to 16 spent .45 caliber cartridge casings and 30 spent .9mm cartridge casings.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

INTENTIONALLY LEFT BLANK

W. STEPHEN MULDROW
United States Attorney

Timothy R. Henwood
Assistant U.S. Attorney
Chief, Criminal Division
Dated: _____3-18-2026_____

Edwin A. Mora-Rolland, Esq.
Counsel for Defendant
Dated: ___3|26|26___

Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Chief, Violent Crimes and
National Security Division
Dated: ___3/17/2026___

For. Ivan Santos-Castaldo, Esq.
Counsel for Defendant
Dated: ___3|26|26___

Juan Carlos Reyes-Ramos
Assistant U.S. Attorney
Chief, Appellate Division
Dated: ___3/17/2026___

Hitler Cintrón-Ortiz
~~Counsel for~~ Defendant
Dated: _3-26-2026_

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 3-26-2026

_Hitler Cintrón Ortiz_
Hitler Cintrón-Ortiz
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 3|26|26

_Edwin A. Mora-Rolland_
Edwin A. Mora-Rolland, Esq.
Ivan Santos-Castaldo, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, defendant Hitler Cintrón-Ortiz ("Defendant") admits that Defendant is guilty as charged in Count One of the Information and admits the following:

On October 3, 2018, police arrived at a scene in San Juan, Puerto Rico, for investigation. There, police found on the ground, among other things, 16 spent .45 caliber cartridge casings and 30 spent .9mm cartridge casings. Defendant acknowledges that he knowingly possessed that ammunition on October 3, 2018, knowing that he had been previously convicted for a crime punishable by imprisonment for a term exceeding one year. Defendant further acknowledges that the aforementioned ammunition was not manufactured in Puerto Rico but rather was previously shipped and transported in interstate or foreign commerce.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One of the Information. Discovery was timely made available to Defendant for review.

U.S. v. Hitler Cintrón-Ortiz

Juan Carlos Reyes-Ramos
Assistant U.S. Attorney
Chief, Appellate Division
Dated: 3/17/2026

Edwin A. Mora-Rolland, Esq.
Counsel for Defendant
Dated: 3/26/26

For: Ivan Santos-Castaldo, Esq.
Counsel for Defendant
Dated: 3/26/26

Hitler Cintrón-Ortiz
Defendant
Dated: 3-26-2026